UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADOLFO GODOY,<br><br>　　　　Petitioner,<br>v.<br><br>ROBERT LEGRAND, et al.,<br><br>　　　　Respondents. | Case No. 3:14-cv-00524-MMD-WGC<br><br>ORDER |

Adolfo Godoy, a Nevada prisoner, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. nos. 1-1, 1-2) and has now paid the filing fee.

Petitioner has also submitted a motion for leave to add supplemental grounds (dkt. no. 1-5). As the Court typically advises petitioners, a petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

As such, petitioner's motion is granted. Petitioner is directed to file an amended petition concisely stating each and every ground for relief and briefly summarizing the facts supporting each ground.

Also before the Court is petitioner's motion for the appointment of counsel (dkt. no. 1-6). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition on file in this action appears sufficiently clear in presenting the issues that petitioner wishes to raise, and the legal issues do not appear to be particularly complex; therefore, counsel is not justified. Petitioner's motion is denied.

It is therefore ordered that the Clerk shall file the petition (dkt. nos. 1-1, 1-2).

It is further ordered that the Clerk shall file the motion for leave to add supplemental grounds (dkt. no. 1-5).

It is further ordered that petitioner's motion for leave to add supplemental grounds (dkt. no. 1-5) is granted. Within thirty (30) days of the date of this order, petitioner shall file an amended petition, setting forth each and every ground for relief.

It is further ordered that the Clerk shall file petitioner's motion for appointment of counsel (dkt. no. 1-6).

It is further ordered that petitioner's motion for appointment of counsel (dkt. no. 1-6) is denied.

DATED THIS 12th day of January 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE