UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ADOLFO GODOY, | Case No. 3:14-cv-00524-MMD-WGC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| ROBERT LEGRAND, et al., | |
| Respondents. | |

This habeas action comes before the Court for initial review of the first amended petition under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules").

Habeas pleading is not notice pleading, and a habeas petitioner must state the specific facts that allegedly entitle him to habeas relief. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). The habeas pleading rules require more than "mere conclusions of law, unsupported by any facts." *Mayle,* 545 U.S. at 655. A habeas petitioner instead must "state facts that point to a real possibility of constitutional error." *Id*.

Just as a pleading can say too little, a pleading also can say too much and/or with insufficient clarity. As the Ninth Circuit has observed in an analogous context, there is no authority supporting the proposition that a pleading may be of unlimited length or opacity. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). Prolix and confusing filings impose unfair burdens on litigants and judges, as such filings make it difficult to identify and appropriately address claims. *Id*.

Here, petitioner seeks to assert forty grounds for relief (dkt. no. 9). However, he has failed to identify each specific claim and set forth a brief factual basis for the claim.

For example, he sets forth numerous grounds where he merely states "ineffective assistance of counsel" and refers the Court to his attached direct appeal, state postconviction petitions, and appeal from the denial of a state postconviction petition. Petitioner does identify specific page numbers of those other documents; however, he has filed more than three hundred fifty (350) pages of material. The Court is simply not going to comb through this voluminous filing and attempt to find the corresponding page numbers for his claims. Moreover, the pages that petitioner identifies overlap considerably, and petitioner has not set forth the specific factual basis for his general constitutional claims, including ineffective assistance of counsel and due process. Thus, the Court has no feasible way to readily identify the factual basis for each ground.

Accordingly, petitioner shall file a second amended petition that briefly sets forth each ground for relief and sets forth the specific factual basis for that ground, on the same page and under the heading for that ground (and the pages immediately following only if necessary), without requiring the Court to reference other materials to ascertain the basis of the claim. Petitioner need not file additional copies of exhibits that he has already filed. Indeed, the Court notes that if the petition proceeds past screening the respondents will be required to provide all relevant state court records and filings.

It is therefore ordered that, within forty-five (45) days of the date of this order, petitioner shall file a second amended petition in conformance with this order. The petitioner is expressly informed that failure to do so may result in the dismissal of this action.

It is further ordered that respondents need take no action until further order by this Court.

DATED THIS 7th day of April 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE