1
2
3
4                         UNITED STATES DISTRICT COURT
5                              DISTRICT OF NEVADA
6                                      * * *
7    ADOLFO GODOY,                          Case No. 3:14-cv-00524-MMD-WGC
8                           Petitioner,                ORDER
9          v.
10   RENEE BAKER, et al.,
                             Respondents.
11

12          This *pro se* habeas matter under 28 U.S.C. § 2254 is before the Court on

13   respondents' motion to dismiss petitioner Adolfo Godoy's second-amended petition. (ECF

14   No. 24.) Godoy has filed his opposition. (ECF No. 42.)

15   **I.    PROCEDURAL HISTORY AND BACKGROUND**

16          On February 4, 2010, a jury found Godoy guilty of count I: robbery; and count II:

17   possession of a stolen vehicle; (Exh. 43).[1] The state district court sentenced him to two

18   terms of 25 years with the possibility of parole after ten years under the habitual criminal

19   statute, to run concurrently. (Exh. 58.) Judgment of conviction was entered on June 14,

20   2010. (Exh. 60.)

21          The Nevada Supreme Court affirmed Godoy's convictions and sentences on

22   December 10, 2010, and remittitur issued on January 4, 2011. (Exhs. 80, 81.)

23          After an evidentiary hearing, the state district court denied Godoy's counseled

24   state petition for a writ of habeas corpus. (Exhs. 82, 97-100.) On May 13, 2014, the

25   Nevada Supreme Court affirmed the denial of Godoy's state postconviction petition, and

26   remittitur issued on June 10, 2014. (Exhs. 114, 115.)

27   _____
     [1]The exhibits referenced in this order are exhibits to respondents' motion to
28   dismiss, ECF No. 24, and are found at ECF Nos. 25-29.

On October 8, 2014, Godoy dispatched his federal habeas petition for filing (ECF No. 6). Godoy filed a first-amended petition on February 13, 2015. (ECF No. 9.) The first-amended petition failed to identify each specific claim and set forth a brief factual basis for each claim for most of the 45 purported grounds for review. Accordingly, the Court directed Godoy to file a second-amended petition that briefly set forth each ground for relief as well as the specific factual basis for that ground. (ECF No. 13.) Godoy filed a second-amended petition on September 23, 2015. (ECF No. 21.) Respondents now argue that several claims in the second-amended petition do not relate back to any timely-filed earlier petition and that some claims are unexhausted. (ECF No. 24.)

## II.      LEGAL STANDARDS

### A.      Relation Back

Respondents argue that several claims in grounds 1 and 2 of the second-amended petition do not relate back to a timely-filed petition and should thus be dismissed as untimely. (ECF No. 24 at 11-15.) A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. *Mayle,* 545 U.S. at 655–64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* A

2

claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9ᵗʰ Cir. 2013).

Here, Godoy dispatched his federal habeas petition for filing on October 8, 2014. (ECF No. 7 at 1.) On February 13, 2015, he filed his first-amended petition. (ECF No. 9.) The parties do not dispute that the AEDPA one-year statute of limitations expired on or about March 26, 2015. Thereafter, this Court dismissed Godoy's first-amended petition without prejudice and with leave to file a second-amended petition within 45 days. (ECF No. 10.) Godoy complied with this Court's order and filed a second-amended petition (ECF No. 21.) The claims in the second-amended petition must relate back to Godoy's *pro se* original or first-amended petitions in order to be deemed timely.

## B.   Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's

federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

## III.   INSTANT PETITION

### A.   Ground 1

In the second-amended petition, Godoy claims that trial counsel rendered ineffective assistance of counsel as follows:

1.1: Counsel failed to establish the alleged victim, Lavatai, and petitioner were romantically involved and lived together continuously. (ECF No. 21 at 8.)

1.2: Counsel failed to investigate and interview Ramona Walker, who was the only eyewitness. (*Id*. at 9.)

///

///

4

1.3: Counsel failed to investigate and subpoena Virginia Brown, especially after she went to his office with some evidence concerning Lavatai and Godoy's relationship. (*Id.* at 10.)

1.4: Counsel, with one phone call, could have discovered that Lavatai bailed petitioner out on several occasions. (*Id.*)

1.5: Counsel failed to interview Matt Foster, the yard man at AA Storage. (*Id.*)

1.6: Counsel failed to interview petitioner's parents. (*Id.* at 11.)

1.7: Counsel failed to investigate or interview Gene Drakulich, Esq., a highly respected Reno and Sparks developer and personal injury attorney. (*Id.* at 11.)

1.8: Counsel failed to either introduce the police reports or call the three Reno police officers to testify about the allegations that petitioner stole the VW Bug from the alleged victim, Lavatai, by force on July 26th, 2008. (*Id.* at 12.)

1.9: Counsel knew that Lavatai engaged in a pattern of falsely claiming that petitioner stole her vehicles. (*Id.* at 16.)

1.10: Counsel failed to impeach Lavatai with the fact that she had been receiving Godoy's unemployment checks for at least six months. (*Id.* at 17.)

1.11: Counsel failed to investigate the cellular phone recovered on the front seat of the wrecked VW Bug. (*Id.*)

1.12: Counsel failed to proffer two jury instructions: (a) the definition of "permission," an instruction the jury requested; and (b) that "consent" was a defense to the charges, and that a "reasonable" doubt about whether there was consent would require acquittal. (*Id.* at 18-19.)

1.13: Counsel inadvertently or mistakenly violated the State's allocution rule as presented under the authority of NRS 176.015(2)(b). (*Id.* at 20.)

1.14: Counsel failed to appropriately object to the fact that a juror had seen petitioner in custody. (*Id.* at 21.)

1.15: Counsel failed to file a motion in limine to prevent prejudicial statements by the prosecutor and the alleged victim Lavatai. (*Id.*)

1.16: Counsel failed to object to highly prejudicial, non-probative remarks by the alleged victim, Lavatai, during trial. (*Id.* at 22.)

1.17: Counsel failed to object to the State's character assassination of Godoy during closing arguments. (*Id.* at 24.)

1.18: Counsel failed to correct the prejudicial statements in the PSI report. (*Id.* at 26.)

1.19: Counsel failed to produce the infamous second wallet. (*Id.* at 27.)

1.20: Counsel failed to inform the court that there was no "latent print card" marked Exhibit 3. Exhibit 3 was a Reno Police Incident Report. (*Id.* at 28.)

1.21: Counsel failed to present all constitutional claims at petitioner's evidentiary hearings. (*Id.* at 29 (ECF No. 21 at 8-29).)

Respondents argue that grounds 1.15 and 1.19 – 1.21 do not relate back to either the original or first-amended petitions. (ECF No. 24 at 11-12.) Having reviewed the original and first-amended petitions, the Court agrees with respondents that grounds 1.15 and 1.19 – 1.21 are separate in both time and type from claims raised in timely petitions. Grounds 1.15 and 1.19 – 1.21 do not relate back and are, therefore, dismissed as untimely.

Next, respondents argue that the following subparts of ground 1: 1.1, 1.2, 1.4, 1.5, 1.6, 1.10, and 1.18 do not relate back to claims that were exhausted when raised in the original or first-amended petition. (ECF No. 24 at 13-15.) They point out that, for relation back purposes under *Mayle*, claims in an amended petition must "relate back to claims properly contained in the original petition — that is, those claims that were exhausted at the time of filing." *King v. Ryan*, 564 F.3d 1133, 1142 (9th Cir. 2009).

Godoy did not present the ineffective assistance of counsel claims in federal grounds 1.1, 1.2, 1.4, 1.5, 1.6, 1.10 and 1.18 to the Nevada Supreme Court. (*See* Exhs. 110, 114.) Accordingly, these claims do not relate back to claims properly set forth in the original or first-amended petition. These claims do not relate back under *Mayle* and are therefore dismissed.

### B.   Ground 2

Godoy argues that the prosecutor engaged in prosecutorial misconduct by knowingly using false evidence at trial. (ECF No. 21 at 34-35.) Specifically, he alleges that the prosecutor misrepresented that a Sony Erickson cell phone (owner allegedly unknown) belonged to Godoy because that phone and a Cricket cell phone bill in Godoy's name were recovered from the vehicle. Godoy contends that Cricket phone company did not sell Sony Erickson phones at that time but the prosecutor falsely used the phone to prove Godoy's possession of a stolen motor vehicle. (*Id.*) Respondents argue that ground 2 does not relate back to claims in the original or amended petition.

However, in both the original and amended petitions, Godoy argues that his trial counsel was ineffective for failing to investigate the items found in the vehicle and for failing to challenge the State's use of the Cricket phone bill to prove Godoy possessed the vehicle because Cricket did not sell Sony Erickson phones at the time. (ECF No. 6 at 158; ECF No. 9 at 153.) Where, as here, a claim adds a new legal theory tied to the same operative facts, it relates back. *Ha Van Nguyen*, 736 F.3d at 1297. Accordingly, ground 2 relates back and is timely.

Next, respondents argue that ground 2 is unexhausted. (ECF No. 24 at 18.) Godoy presented a claim on direct appeal that the State committed prosecutorial misconduct because the prosecutor belittled Godoy and simply attacked his character when questioning Lavatai at trial and in closing arguments. (Exh. 73 at 24; *see also* Exh. 80.) However, Godoy did not present the claim that the prosecutor falsely used evidence of the Sony Erickson phone or the Cricket phone bill to the Nevada Supreme Court. (*See* Exhs. 73, 80.) Accordingly, ground 2 is unexhausted.

### C.   Ground 4

Godoy claims that the cumulative error of the ineffective assistance of trial counsel claims together with trial court error violated his Fourteenth Amendment right to due process and a fair trial. (ECF No. 21 at 53.) This Court agrees with respondents that as to the portion of ground 4 that asserts a separate cumulative error claim for ineffective

assistance of counsel, such claim is either noncognizable or duplicative of the underlying ineffective assistance claims. In *Strickland v. Washington*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Thus, the nature of the *Strickland* standard itself assesses the cumulative effect of an attorney's serious errors. Accordingly, the cumulative effect of ineffective assistance of counsel claims portion of ground 4 is dismissed.

## IV.   PETITIONER'S OPTIONS REGARDING UNEXHAUSTED CLAIMS

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court dismisses grounds 1.1, 1.2, 1.4, 1.5, 1.6, 1.10, 1.15, 1.18, 1.19, 1.20, 1.21 and the claim of cumulative error of ineffective assistance of counsel in ground 4. Ground 2 is unexhausted.

Because the Court finds that the petition contains unexhausted claims, petitioner has these options:

1.   He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2.   He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3.      He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Accordingly, if petitioner wishes to ask for a stay while he exhausts ground 2, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court, and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply. Or, Godoy may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## V.      CONCLUSION

It is therefore ordered that respondents' motion to dismiss (ECF No. 24) is granted in part as follows:

Grounds 1.1, 1.2, 1.4, 1.5, 1.6, 1.10, 1.15, 1.18, 1.19, 1.20, 1.21 and the ineffective assistance of counsel portion of ground 4 are dismissed as set forth above.

1   Ground 2 is unexhausted.

2       It is further ordered that petitioner's motion to voluntarily dismiss his motion to

3   compel (ECF No. 40) is granted.

4       It is further ordered that petitioner's motion to compel (ECF No. 34) is denied as

5   moot.

6       It is further ordered that petitioner's first and second motions to extend time to file

7   his opposition to the motion to dismiss (ECF Nos. 35 and 41) are both granted *nunc pro*

8   *tunc.*

9       It is further ordered that petitioner will have thirty (30) days to either: (1) inform this

10  Court in a sworn declaration that he wishes to formally and forever abandon the

11  unexhausted grounds for relief in his federal habeas petition and proceed on the

12  exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to

13  dismiss this petition without prejudice in order to return to state court to exhaust his

14  unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold

15  his exhausted claims in abeyance while he returns to state court to exhaust his

16  unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or

17  seek other appropriate relief, respondents may respond to such motion as provided in

18  Local Rule 7-2.

19      It is further ordered that if petitioner elects to abandon his unexhausted grounds,

20  respondents will have thirty (30) days from the date petitioner serves his declaration of

21  abandonment in which to file an answer to petitioner's remaining grounds for relief. The

22  answer must contain all substantive and procedural arguments as to all surviving grounds

23  of the petition, and must comply with Rule 5 of the Rules Governing Proceedings in the

24  United States District Courts under 28 U.S.C. §2254.

25      It is further ordered that petitioner will have thirty (30) days following service of

26  respondents' answer in which to file a reply.

27  ///

28  ///

10

1         It is further ordered that if petitioner fails to respond to this order within the time

2   permitted, this case may be dismissed.

3         DATED THIS 31st day of January 2017.

4

5                                   MIRANDA M. DU

6                                   UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28